## JAMES C. MCLELLAN *vs.* SAMUEL A. FULLER.

Middlesex.　January 8, 1917. — March 13, 1917.

Present: RUGG, C. J., LORING, BRALEY, DE COURCY, & CARROLL, JJ.

*Negligence,* Attorney at law, Employer's liability. *Attorney at law. Custom. Damages,* In tort, Interest. *Interest. Practice, Civil,* Conduct of trial, Exceptions.

If an attorney at law, retained by an employee to prosecute a claim against his employer under the employers' liability act, negligently failed to give to the employer a required statutory notice and as a result of such negligence the employee is prevented from recovering a verdict which he otherwise might have recovered at the trial of an action against the employer, the employee in an action of tort against the attorney at law can recover the amount of the loss thus sustained by him.

If, at the trial of such an action against the attorney at law, there is evidence that at the trial of the action of the employee against his employer the plaintiff might have proved that the employee, in the exercise of due care and under instructions by one charged by his employer with a duty of superintendence, was changing gears on a spinning machine and had been told that the machine would not be started until he reported either to the superintendent or to the foreman of the room; that the superintendent, with full knowledge of the circumstances and without warning the plaintiff, gave an order for the starting of the machine while the plaintiff still was at work upon it; that the order was obeyed and that the plaintiff was injured, the question, whether, if the statutory notice had been given, the plaintiff would have been entitled to recover from his employer, is for the jury.

In such an action, the mere facts that in the room where the plaintiff was at work when injured, "before starting the frame it is the custom to holler so as to warn everybody about the frame to get away so that when it shall start up no one will

get caught in it," and that such an outcry was made before the starting of the machine which injured the plaintiff, even if there had been evidence that such a custom had been called to the plaintiff's attention, as there was not, would not have precluded the plaintiff from recovery, because such a custom devised by the employees for their own safety did not modify nor supplant the duty to warn resting upon the employer, and the plaintiff had a right to rely on that duty being performed for his safety by the employer's representatives.

If the plaintiff is entitled to recover in such an action, he is entitled to have included in his damages interest upon such amount as he should have recovered at the trial of his action against his employer from the date when such verdict would have been rendered.

The admission of a leading question put to a witness is within the discretion of the trial judge.

Tort against an attorney at law for damages alleged to have resulted from negligence on his part in the conducting and trying of an action of the plaintiff against the Moore Spinning Company under the employers' liability act.    Writ dated February 17, 1908.

The case first was tried in the Superior Court before *McLaughlin*, J., where the jury found for the plaintiff in the sum of $2,500. An exception of the defendant was sustained by a decision of this court reported in 220 Mass. 494.

The case then was tried before *Stevens*, J.    The material evidence is described in the opinion.    At the close of the evidence, the defendant asked for the following rulings:

"1. On all the evidence a verdict should be ordered for the defendant.

"2. On all the evidence and the pleadings a verdict should be ordered! for the defendant."

"6. If the jury finds that Ogley did give the order to start up the machine and that there was a custom for a warning to be given by the party, whose duty it was to start up the machine, before starting it up, and if the jury further finds that Delia Lavelle was familiar with this custom and did not give any warning, then there was no negligence on Ogley's part, if the jury finds that his order was intended to be carried out in the usual way and under the usual conditions, namely, — by giving notice before starting up the machine.

"7. If the jury finds that Ogley, if he gave to Delia Lavelle the order to start the machine, relied on the rule and custom of the Moore Spinning Company, if there was such a rule, that the

person actually starting the machine should call out so that all persons working on the machine should have warning; and if, under the circumstances then existing, Ogley was reasonably justified, as a prudent man, in relying on that rule and relying on due warning being given; and if the jury finds that Lavelle, after receiving Ogley's order, could, under the then existing circumstances, in the exercise of reasonable care and in pursuance of the rule, have given due warning to the plaintiff of the starting of the machine, and did not do so; then the jury may find that Ogley was not negligent and the spinning company was not liable and consequently this plaintiff cannot recover.

"8. If the jury finds that Delia Lavelle, after receiving Ogley's order, did not, under the then existing circumstances, exercise reasonable care in that she failed to call out to warn the plaintiff or failed to call out loud enough and that her failure was the immediate cause of the accident, and if the jury finds that Ogley, after he gave the order, relied on the rule of the Moore Spinning Company, if there was such a rule, that the person starting the machine should warn those working on it; and if the jury finds that Ogley under all the circumstances should not have reasonably anticipated and provided against the failure of Lavelle to give proper warning; then, even if you find that Ogley was negligent, you may find that his neglect was not something for which the spinning company would be responsible, and consequently your verdict must be for the defendant.

"9. If the jury finds that the order given by Ogley to Lavelle was a proper order to start the machine, after warning all persons about it before starting it up; then the jury might find that Ogley was reasonably justified in anticipating that his order would be properly complied with and, if so, that he was not negligent.

"10. If the order given by Ogley to Lavelle was a proper order under all the circumstances but was negligently carried into execution by Lavelle, then the spinning company would not be responsible and consequently this plaintiff cannot recover.

"11. Since the plaintiff's father testified that the defendant notified him to have all the witnesses at the Court House at East Cambridge on the date of trial and since the plaintiff's father further testified that he agreed to have all the witnesses there, then the defendant cannot be found to be negligent in failing to

have any witnesses present at court at the trial of McLellan *v.* Moore Spinning Company.

"12. If the jury finds that the plaintiff at the former trial could have proved that the statutory notice had been given except for the fact of the death of the brother of the attorney for the plaintiff in the case of McLellan *v.* Moore Spinning Company, then the jury must return a verdict for the defendant unless they find that the defendant in this case was negligent in not anticipating and providing against the death of his brother.

"13. If the jury finds that the defendant's brother made out and served a proper notice on the Moore Spinning Company and that such notice could have been proved at the former trial except for the death of the defendant's brother, then the jury must find for the defendant unless they further find that the defendant was guilty of negligence in not anticipating and providing against the death of his brother, since the defendant was not an insurer of the perpetuation of the notice or of his brother's life."

The rulings were refused.

In answer to special questions, the jury found that in the case of McLellan *v.* Moore Spinning Company the statutory notice was not given; that in that case the plaintiff would have been entitled to a verdict against the defendant on the evidence if the statutory notice had been proved, that the defendant was guilty of negligence in not having proved in the case of McLellan *v.* Moore Spinning Company that the statutory notice had been given; that Ogley, the overseer of the Moore Spinning Company, gave to Delia Lavelle the order to start the machine just before she started it up at the time the plaintiff was injured, and that the plaintiff was entitled to recover in the nature of interest the sum of $1,102; and they found for the plaintiff in the sum of $4,602.    The defendant alleged exceptions.

*B. J. Killion & C. Toye,* for the defendant, submitted a brief.

*R. W. Gloag,* for the plaintiff.

BRALEY, J.    It was said in *Gilbert* v. *Williams,* 8 Mass. 51, 57, "There is no doubt that for any misfeasance or unreasonable neglect of an attorney, whereby his client suffers a loss, an action may be supported and damages recovered to the amount of that loss."    The plaintiff accordingly had the burden of establishing by competent evidence the fact of negligence or want of reason-

able skill on the part of the defendant, and the actual loss or damages resulting therefrom. *Whitney* v. *Abbott*, 191 Mass. 59, 64.

The jury could find that the defendant was seasonably retained to effect a settlement or to bring an action for personal injuries against the plaintiff's employer under R. L. c. 106, § 71, cl. 2, but neglected to give the notice required by § 75, and that because of this omission, which they also could say was due to the negligence of counsel, a verdict for the defendant was ordered at the trial of the case. But if independently of this fatal defect the plaintiff had no case on the merits, he has not suffered any loss except as to the expenses he may have sustained in preparing for the trial; a question which has become merely incidental. The question whether he had a case entitling him to go to the jury upon proof of compliance with the precedent condition imposed by the statute and whether he probably would have recovered a verdict was properly stated by the judge in his instructions. It was therefore correctly ruled that whether the plaintiff could have maintained the action was the question to be determined, and much evidence was introduced on this issue.

The due care of the plaintiff, a minor at the date of the accident, and that one Ogley, to whom we shall hereafter refer as the superintendent, had been charged with the duties of superintendence or that if while he was removing one gear and putting another gear on the back end of the spinning frame, the "frame" started the plaintiff would be exposed to the danger of severe injuries, in so far as not conceded, were for the jury.

The plaintiff testified, that when injured he was shifting the gear in compliance with an order of the superintendent who gave him the gear and ordered him to "put it on the frame," and the jury could find on his evidence that he had received instructions from the superintendent "that the frame would not be started until the plaintiff reported either to Ogley or to the foreman of that room." The jury could further find, on conflicting evidence which it is unnecessary to recapitulate, that the frame being at rest, and while the plaintiff was engaged in making the change, the superintendent with full knowledge of the circumstances and without any warning gave an order to start the machine, which having been obeyed, the plaintiff suffered the injuries of which he complained.

It being plain that the answers of the jury to the questions were warranted by the evidence, the first, second, sixth, seventh, eighth, ninth, tenth, eleventh, twelfth and thirteenth requests were denied rightly. *McLellan* v. *Fuller,* 220 Mass. 494, 499, 500.

The evidence moreover "that before starting the frame it is the custom to holler so as to warn everybody about the frame to get away so that when it shall start up no one will get caught in it," and that such an outcry was made, is a custom not shown to have been called to the attention of the plaintiff or to have been within his knowledge. The clamor of his fellow employees in the spinning room, even if devised for their own safety, could neither modify nor supplant the authority vested in the representative of the employer. It being the duty of the plaintiff to obey the orders of his superior, he had the right when making the change to understand that the superintendent would keep his word and to act upon his instructions, that the frame would not be put in motion until he reported to him or to the overseer that the work had been performed. *Jellow* v. *Fore River Ship Building Co.* 201 Mass. 464, 468.

The remaining requests in so far as material were amply covered by the charge, except that in giving the fifteenth request, that "the measure of damages is that which might have been recovered in the former action" against the company, the judge further instructed the jury that they could compute interest on the amount from a date named by agreement of counsel to the date of the verdict. It is contended by the defendant that under *Cochran* v. *Boston,* 211 Mass. 171, this request should not have been modified and that the instruction was erroneous. But the present action is not for personal injuries as in *Cochran* v. *Boston,* but for the loss of money damages which the plaintiff would have obtained and had the use of if the defendant had not been negligent. The addition of interest only made the plaintiff whole for the delay and was properly allowed. *Peabody* v. *New York, New Haven, & Hartford Railroad,* 187 Mass. 489, 493, and cases cited.

The exceptions taken to what the judge said in reply to the question of a juror when the charge was substantially closed and to the question put by his counsel to the plaintiff concerning the introduction of evidence at the trial against the company, "Well, this, I take it, is so, that you answered all questions that Mr. Fuller

put to you?" to which the witness replied "Yes," are without merit. The instructions which followed the colloquy, when read as a whole, are in full accord with the statements in the charge as to the grounds on which the negligence of the superintendent rested, and no enlargement of the employer's liability appears. *Conners Brothers Co.* v. *Sullivan,* 220 Mass. 600, 607. If the question to the witness was leading, and for this reason might have been excluded, its admission was within the discretion of the judge. *Partridge* v. *Middlesex & Boston Street Railway,* 221 Mass. 273, 275.

We have fully considered all the exceptions and finding no error of law they must be overruled.

*So ordered.*