**Charlotte R. HURD, Plaintiff, Appellant,**

**v.**

**DiMENTO & SULLIVAN et al.,**
**Defendants, Appellees.**

**No. 7779.**

United States Court of Appeals,
First Circuit.

April 14, 1971.

Charlotte R. Hurd on brief pro se.

Lionel H. Perlo, Daniel M. Polvere, Boston, Mass., and Ficksman & Conley, Boston, Mass., on brief, for defendants, appellees.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

PER CURIAM.

Plaintiff, acting *pro se,* brought this diversity action against DiMento & Sullivan, attorneys at law, for breach of contract. She complains that on or about March 28, 1969, the defendants orally agreed to represent her in the prosecution of a case brought against the children of her former husband for alienation of affections, and that said defendants failed to fulfill their obligations. A second count alleges that the defendants had also made a separate agreement to represent the plaintiff on appeal in this 1969 case and that defendants breached that contract, too. The file in the 1969 case was incorporated by reference in the complaint in the instant case. The district court dismissed the complaint for failure to state a claim upon which relief could be granted.

■ As to the first count, we find in the file of the 1969 case that on May 21, 1969, plaintiff wrote to the district court in a motion for a continuance:

"On March 28, 1969, plaintiff consulted Attorney Francis J. DiMento, who, because of other commitments, was unable to represent the plaintiff, but who undertook to obtain other counsel for her. To date, Attorney DiMento has inquired of twelve (12) attorneys, including one recommended by the Lawyers' Referral Service of the Boston Bar Association * * *."

Hence, in making this statement as part of her complaint in the instant case, plaintiff is estopped from now claiming that defendants had agreed to represent her.

■ In order to prevail on her second count, plaintiff would have to show that she probably would have prevailed on her 1969 appeal if she had an attorney. McLellan v. Fuller, 226 Mass. 374, 378, 115 N.E. 481, 482 (1917). Our opinion in the 1969 appeal, which was part of the file before the district court in the instant case, shows that the district court dismissed the 1969 action for unnecessary delays. At the time of the 1969 appeal we scrutinized the record

carefully in order to be certain that plaintiff's right to counsel had been fully protected and found no abuse of discretion in that regard. We have again reviewed that file and we see nothing in it on which an attorney could have based a favorable appeal. In other words, we cannot see how an amendment of the complaint would have helped plaintiff. Once the judgment of dismissal was entered, her right to amend was a matter for the district court's discretion. *Compare* Swan v. Board of Higher Education of the City of New York by Rosenberg, 319 F.2d 56 (2d Cir. 1963), *with* Ballou v. General Electric Co., 393 F.2d 398 (1st Cir. 1968). Under these circumstances, there was no abuse of discretion in not allowing plaintiff to amend.

Affirmed.