Louis P. Siano *vs.* S. Thomas Martinelli. September 28, 1981. The plaintiff brought an action in tort against the defendant attorney for legal

malpractice, alleging that the attorney had negligently failed to perfect and process the plaintiff's appeal from a judgment of a Probate Court which, by its terms, ordered the plaintiff to demolish or otherwise remove a building that he had constructed on land in which he had no right, title, or interest. The judge in the present action directed a verdict in the defendant's favor, Mass.R.Civ.P. 50(a), 365 Mass. 814 (1974), on the basis that the plaintiff had failed to present sufficient evidence to show that had the defendant not been negligent, the plaintiff would probably have prevailed on his appeal. *McLellan* v. *Fuller*, 226 Mass. 374, 378 (1917). *Hurd* v. *DiMento & Sullivan*, 440 F.2d 1322, 1323 (1st Cir. 1971). Cf. Annot., 90 A.L.R.3d 293, 311-326 (1979). We affirm the judgment.

In response to the judge's repeated side bar explanations of what was required to establish a prima facie case of legal malpractice, the plaintiff's attorney intimated to the judge that the appeal would have presented the question whether the plaintiff should have been awarded damages for the loss of his building. While the record is far from clear, we surmise that the plaintiff wished to argue an estoppel claim on his appeal. See e.g. *Ware* v. *Smith*, 156 Mass. 186, 188 (1892); *Loranger Constr. Corp.* v. *E.F. Hauserman Co.*, 376 Mass. 757, 760-761 (1978); *Ecclesiastes 3:1, Inc.* v. *Cambridge Sav. Bank*, 10 Mass. App. Ct. 377, 383 (1980). There was nothing from which the judge could determine that a claim of estoppel was pertinent to the action in the Probate Court, that facts to establish that claim had been presented to the Probate Court judge, that the probate judge had erroneously rejected that claim, and that, as matter of law, the plaintiff's appeal would have been successful. "But if independently of this fatal defect [the attorney's negligence] the plaintiff had no case on the merits, he has not suffered any loss except as to the expenses he may have sustained in preparing for the [appeal]; a question which has become merely incidental." *McLellan* v. *Fuller*, 226 Mass. at 378. The evidence in the instant case showed, at best, that there was a Probate Court judgment adverse to the plaintiff, and that the defendant attorney negligently failed to prosecute the appeal.

*Judgment affirmed.*

*John Cavicchi* for the plaintiff.
*Edward L. Donnellan* for the defendant.