ROGER C. GLIDDEN & another[1] *vs.* DOMENIC S. TERRANOVA.

Essex. May 15, 1981. — November 13, 1981.

Present: BROWN, ROSE, & DREBEN, JJ.

*Negligence,* Attorney, Expert opinion, Burden of proof. *Attorney at Law,* Negligence.

In an action to recover damages for malpractice by an attorney, the evidence, viewed in the light most favorable to the plaintiffs, was such that no expert testimony was required to establish whether an attorney-client relationship existed or whether the attorney's conduct violated the standard of reasonable care and diligence, and consequently it was error to allow the attorney's motion for a directed verdict based upon the absence of expert testimony. [598-600]

In an action by former clients of an attorney to recover damages for malpractice in the defense of prior litigation, the attorney had the burden of proving that his former clients had no defense to the underlying litigation, and consequently it was error to allow the attorney's motion for a directed verdict in the malpractice proceeding based upon the failure of the former clients to prove the attorney's negligence to be a proximate cause of their damages. [600-601]

CIVIL ACTION commenced in the Superior Court Department on November 20, 1978.

The case was heard by *Doerfer, J.*

*Bertram W. Allen (Timothy Allen* with him) for the plaintiffs.

*Stephen R. Duly* for the defendant.

ROSE, J. The plaintiffs Glidden, husband and wife, brought suit against the defendant Terranova, an attorney, alleging several claims in tort and contract arising from the defendant's representation of them in a prior legal proceeding. The plaintiffs had been sued in District Court by a real estate broker seeking to recover a commission earned in the

---

[1] Evelyn M. Glidden.

sale of the plaintiffs' home. They now contend that the defendant promised to represent them and remove the action to the Superior Court for a jury trial, and that the defendant's failure to do so resulted in default judgments and, in subsequent supplementary proceedings, the arrest and imprisonment of Mr. Glidden for contempt in not paying the judgment. At the trial below, the plaintiffs presented evidence to support their claim, after which the defendant filed a motion for a directed verdict. The issues argued on appeal are whether the Superior Court judge was justified in allowing the motion for a directed verdict on the grounds that (1) the plaintiff did not offer expert testimony to establish either an attorney-client relationship or that the defendant violated the standard of care owed by a lawyer to his client in these particular circumstances, and (2) the plaintiffs' evidence could not support a conclusion that the defendant's inaction was a proximate cause of the damages alleged by the plaintiffs. We hold that the evidence was sufficient to require denial of the motion for a directed verdict and reverse the judgment of the Superior Court.

1. An attorney owes his client an obligation to exercise a reasonable degree of care and skill in the performance of his legal duties. *Caverly* v. *McOwen*, 123 Mass. 574 (1878). *McLellan* v. *Fuller*, 226 Mass. 374 (1917). Because the question whether an attorney has exercised sufficient legal care is one of fact for the jury to decide, expert testimony is generally necessary to establish the standard of care owed by an attorney in the particular circumstances and the defendant's alleged departure from it. Nolan, Tort Law § 186, at 299 (1979). Barry, Legal Malpractice in Massachusetts, 63 Mass. L. Rev. 15, 17 (1978). However, expert testimony is not essential where the claimed legal malpractice is so gross or obvious that laymen can rely on their common knowledge or experience to recognize or infer negligence from the facts. See *Gilbert* v. *Williams*, 8 Mass. 51, 57 (1811) ("whenever an attorney disobeys the lawful instructions of his client, and a loss ensues, for that loss the attorney is responsible"); *Varnum* v. *Martin*, 15 Pick. 440

(1834) (evidence found sufficient to sustain a verdict against the attorney on the ground of negligence despite the apparent lack of expert testimony). The rule that expert testimony is not always required to prove legal malpractice has been adopted in other jurisdictions, see, e.g., *Wright* v. *Williams*, 47 Cal. App. 3d 802 (1975); *Collins* v. *Greenstein*, 61 Haw. 26 (1979); *House* v. *Maddox*, 46 Ill. App. 3d 68 (1977); *Central Cab Co.* v. *Clarke*, 259 Md. 542 (1970); *Hill* v. *Okay Constr. Co.*, 312 Minn. 324 (1977); *Olfe* v. *Gordon*, 93 Wis. 2d 173 (1980), and is consistent with the approach followed in Massachusetts in the medical malpractice context. See *Polonsky* v. *Union Hosp.*, 11 Mass. App. Ct. 622, 624 (1981), and cases cited therein.

The plaintiffs here testified that the defendant agreed to represent them in an outstanding legal action and that all legal papers relative to that action were delivered to the defendant. According to their testimony, the defendant promised to remove the action to the Superior Court for a jury trial and later informed the plaintiffs that he had removed the action. The plaintiffs further testified that they did nothing about the action in reliance on the defendant's representation that "everything is well in hand" and that he would "straighten the whole thing out." Actually, the defendant neither filed an answer nor removed the action, a fact which came to the plaintiffs' attention only after default judgments were entered in the District Court. The evidence indicates that the defendant was notified in advance, yet failed to appear at both the supplementary process hearing and the contempt hearing which resulted in Mr. Glidden's arrest and imprisonment. Finally, the plaintiffs testified that they telephoned the defendant after Mr. Glidden was committed for contempt, at which time they were told by a secretary that the defendant was in conference and could not be disturbed. According to their testimony, the sole response to the plaintiffs' request for legal assistance was a subsequent telephone call from the defendant's secretary to Mrs. Glidden suggesting that they "raise bail" and seek other counsel. Viewed in the light most

favorable to the plaintiffs, *DiMarzo* v. *S. & P. Realty Corp.*, 364 Mass. 510, 514 (1974), the evidence was such that expert testimony was not required to determine whether an attorney-client relationship existed or whether the defendant's conduct violated the standard of reasonable care and diligence. Accordingly, it was error for the court to allow the defendant's motion for a directed verdict on the ground that no expert testimony was offered.

2. Where a party who was the plaintiff in a legal action sues his attorney for negligence in the prosecution of that action, he must establish that he probably would have succeeded in the underlying litigation were it not for the attorney's negligence. *McLellan* v. *Fuller*, 226 Mass. at 378; *Siano* v. *Martinelli, post* 946 (1981); *Hurd* v. *DiMento & Sullivan*, 440 F.2d 1322, 1323 (1st Cir. 1971). However, there are no cases in Massachusetts which answer the question of where the burden of proof lies in a malpractice action when the defendant-attorney allegedly failed to defend in the underlying litigation. The trial court in *Salisbury* v. *Gourgas*, 10 Met. 442 (1845), following the rule in an early English case, *Godefroy* v. *Jay*, 7 Bing. 413, 131 Eng. Rep. 159 (1831), imposed the burden on the attorney of proving that the client had no defense, but the propriety of this ruling was not addressed on appeal. We hold that the attorney should indeed bear the burden of proof in such a case, for "since the client had no obligation 'to prove his case' in the underlying action (he could have simply required the plaintiff to prove his case), he should not shoulder the burden of proving a defense in the malpractice action." Nolan, Tort Law § 182, at 297 (1979). See Barry, Legal Malpractice in Massachusetts, 63 Mass. L. Rev. 15, at 17 n.31 (1978) ("to require the client to prove that the underlying action was defensible requires him to establish in the malpractice suit that which he would not have been required to prove in the underlying action"). Because the plaintiffs in the present case did not have the burden of proving that they would have prevailed in the underlying litigation if the defendant had not been negligent, it was error for the

Superior Court judge to allow the defendant's motion for a directed verdict on the ground that the plaintiffs did not prove the defendant's negligence to be a proximate cause of their damages.

*Judgment reversed.*