DIANE DIPIERO *vs.* ALLEN GOODMAN & another. June 30, 1982. The plaintiff brought an action in tort against the defendant attorneys for legal malpractice. She alleged that the attorneys had represented her in divorce proceedings commenced about December 7, 1970, and that they had negligently failed to obtain service on her husband in a manner which would provide her with an enforceable judgment of child support. She sought to recover from the defendants approximately ten years of unpaid child support payments as well as legal fees and expenses incurred in the prosecution of the malpractice claim. At the conclusion of the plaintiff's case, the judge directed a verdict in the defendants' favor. Mass.R.Civ.P. 50(a), 365 Mass. 814 (1974). The plaintiff has appealed.

The plaintiff was required to present evidence sufficient to warrant jury findings that the defendants had failed to exercise reasonable care and skill in handling her case, see *Caverly* v. *McOwen*, 123 Mass. 574, 578 (1878); *McLellan* v. *Fuller*, 226 Mass. 374, 377-378 (1917); *Glidden* v. *Terranova*, 12 Mass. App. Ct. 597, 598 (1981), that she had incurred a loss, and that the defendants' malpractice was the proximate cause of the loss, see *McLellan* v. *Fuller, supra* at 378; Nolan, Tort Law § 185 (1979). There was nothing in the testimony of the defendants or in their communications with the plaintiff which could have been found to constitute an admission of malpractice. Compare *Republic Oil Corp.* v. *Danziger*, 9 Mass. App. Ct. 858, 859 (1980). See Mallen & Levit, Legal Malpractice § 663 (2d ed. 1981). Whether a reasonably competent lawyer would have proceeded differently under former Rule 41 of the Probate Courts (1959), or any statute which governed service in domestic relations cases in 1970, based on the sketchy information furnished by the plaintiff about her husband's whereabouts in Africa, or the information that he was in Boston on some unspecified day in December, 1970, was not within the field of common knowledge possessed by a jury. As a consequence, the plaintiff was obliged to present expert testimony "to establish the standard of care owed by an attorney in the particular circumstances and the de-

fendant[s'] alleged departure from it." *Glidden* v. *Terranova, supra.* See Nolan, *supra* § 186; Barry, Legal Malpractice in Massachusetts, 63 Mass.L.Rev. 15, 17 (1978); Note, Expert Testimony in Legal Malpractice Actions, 6 J. Legal Profession 293 (1981). The plaintiff's expert appears to have been qualified and presented principally as an expert on professional responsibility. He offered no testimony as to how the defendants should reasonably have proceeded on the facts available to them, nor did he express the view that the manner in which notice was given to the husband amounted to legal malpractice. In particular, he expressed no opinion that any act or omission of the defendants violated any of the three standards for determining competency set forth in S.J.C. Rule 3:22 (now redesignated Rule 3:07), DR 6-101, 359 Mass. 818 (1972). We assume that such an opinion could properly have been formulated on the plaintiff's evidence, and if so, that it would have been sufficient in law to support a finding of malpractice, see Mallen & Levit, *supra* § 67; cf. *Robert L. Sullivan, D.D.S., P.C.* v. *Birmingham,* 11 Mass. App. Ct. 359, 360-361, 368-369 (1981) (nonclient plaintiff). The opinion which he did express, that the defendants should have advised the plaintiff of their feeling that service in the manner directed by the citation issued by the Probate Court provided a dubious basis for enforcing the child support order, was insufficient to establish negligence. Finally, there was no evidence which would warrant a jury in concluding that, had the defendants perfected personal service on the husband, the plaintiff would have succeeded in recovering payment of any of the amount ordered for child support. See *McLellan* v. *Fuller, supra*; *Siano* v. *Martinelli,* 12 Mass. App. Ct. 946 (1981); *Hurd* v. *DiMento & Sullivan,* 440 F.2d 1322, 1323 (1st Cir.), cert. denied, 404 U.S. 862 (1971). The failure of proof on these necessary elements of the tort required the allowance of the defendants' motion.

*Judgment affirmed.*

*Frank R. Saia* for the plaintiff.
*William H. Clancy* for the defendants.