946 F.2d 898
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James V. CASTILLOU, Plaintiff-Appellant,
v.
John N. BACH, Defendant-Appellee.
 No. 89-16056.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 16, 1991.*
Decided Oct. 17, 1991.
 
 Before ALARCON, BOOCHEVER and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 James V. Castillou appeals from a judgment following a jury verdict in John N. Bach's favor and Castillou's diversity legal malpractice claim against Bach. The only issue here is whether the court properly placed the burden of proving causation on Castillou.
 
 
 3
 Bach represented Castillou in an administrative proceeding brought by the school district for which he was employed. Castillou alleges that Bach failed to file a Notice of Defense in a timely manner in a second administrative proceeding forcing Castillou to waive critical rights. Because of this failure, the school district was not required to produce witnesses at Castillou's hearing but could rely on written declarations. Had Bach timely filed the defense notice, Castillou would have been entitled to a full trial type hearing. Castillou was terminated following the hearing.
 
 
 4
 Castillou argues that the burden of proving causation of this type of malpractice action should be on the defendant lawyer. He relies on three non-California cases in support of his position. Jenkins v. St. Paul Fire & Marine Ins. Co., 422 So.2d 1109 (La.1982); Glidden v. Terranova, 427 N.E.2d 1169 (Mass.App.1981); Romanian American Interests, Inc. v. Scher, 464 N.Y.S.2d 821 (N.Y.App.Div.1983).
 
 
 5
 Those cases involve situations where a shift of the burden of proof was appropriate because evidence was within the knowledge or control of a third party or where the claim could not be advanced at all, because the lawyer failed to file a case within the time limited by the statute of limitations. Here, the result of Bach's failure to file the notice in time was that Castillou's case was decided on written declarations rather than live testimony.
 
 
 6
 Bach did not have evidence within his knowledge or control which put Castillou at a disadvantage. Nor did Bach's default prevent Castillou from presenting the case at all. With access to the written declarations, Castillou had the opportunity to show the jury instances where live testimony would have been advantageous. This burden was properly allocated to him.
 
 
 7
 There is no reason to believe the courts of California would apply the rule of causation advocated by Castillou in this case, even if they were inclined to agree with the cases from other jurisdictions. Campbell v. Magana, 8 Cal.Rptr. 32 (Ct.App.1960); Sukoff v. Lempkin, 249 Cal.Rptr. 42, 44 (Ct.App.1988).
 
 
 8
 AFFIRMED. No costs allowed on appeal.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3