Fishman, Kenneth J., J.

INTRODUCTION

This matter comes before this Court on the defendant William J. Bougioukas, Esquire’s, motion for reconsideration of this Court’s Order, dated May 2, 2005, denying the defendant’s motion for summary judgment. The defendant is an attorney licensed to practice law in the Commonwealth of Massachusetts. The plaintiff, Robert Gallagher, is a former client, who alleges that the defendant committed malpractice first by filing the defendant’s underlying civil rights action in the wrong court, and subsequently by failing to re-file certain claims in the proper court prior to the expiration of the applicable statute of limitations. The plaintiff thereafter engaged successor counsel and filed this action. The defendant moved for summary judgment, and this Court denied that motion after hearing. Upon reconsideration, the defendant’s motion for reconsideration is hereby ALLOWED. This Court’s prior memorandum of decision and order on the defendant’s motion for summary judgment is hereby VACATED. The defendant’s motion for summary judgment is hereby ALLOWED.

BACKGROUND

The factual and procedural background of this case is set forth in this Court’s memorandum and order dated May 2, 2005.

DISCUSSION

The gravamen of the defendant’s summary judgment motion was that the Saving Statute, which tolls the statute of limitations in certain circumstances, extended the plaintiffs opportunity to re-file his claims in the underlying action past the time the attorney-client relationship between the defendant and the plaintiff expired, and, therefore, the defendant’s inaction did not foreclose the plaintiffs opportunity to re-file his claims against the Commonwealth in the appropriate state court.
In denying the defendant’s motion, this Court relied on Ciampa v. Beverly Airport Comm’n, 38 Mass.App.Ct. 974 (1995). That case held that the Saving Statute, G.L.c. 260, 32, applied only to actions raised under the common law and not to statutorily-created causes of actions such as those, originating under G.L.c. 258, the Massachusetts Tort Claims Act (MTCA). The defendant’s motion for reconsideration focuses on a footnote appearing in the Appeals Court’s *476 decision in the more recent case of Carroll v. City of Worcester, 42 Mass.App.Ct. 628, n.2 (1997). In that decision, the Appeals Court decided not to follow Ciampa because the earlier opinion appeared to not consider the Supreme Judicial Court’s decisions in O’Brien v. Mass. Bay Transp. Auth., 405 Mass. 439, 441-42 (1989), and Hernandez v. Boston, 394 Mass. 45, 48 (1985), in which the SJC decided that an analogous section of G.L.c. 260 (section 7, concerning the incapacity of minors) applied to actions raised under the MTCA. In light of Carroll O’Brien, and Hernandez, this Court concludes that the Saving Statute applies to claims such as Gallagher’s, raised under the MTCA and dismissed in the federal court for a matter of form.[1] It is therefore necessary to reconsider the substance of Gallagher’s malpractice claim.
Bougioukas filed Gallagher’s amended complaint on or about May 24, 2001. Successor counsel took over representation of Gallagher when he filed an appearance in the federal court on or about October 12, 2001. Thus, Gallagher, represented by new counsel, had more than six months to re-file his claims in the appropriate state court. In light of that fact, the summary judgment record is devoid of any evidence that Bougioukas committed malpractice by breaching his duty to Gallagher. In order to survive summary judgment, Gallagher must proffer some evidence that Bougioukas breached a duty to his former client. An attorney owes his client an obligation to exercise a reasonable degree of care and skill in the performance of his legal duties. Caverly v. McOwen, 123 Mass. 574 (1878); McLellan v. Fuller, 226 Mass. 374 (1917). “The principles and proof of causation in a legal malpractice action do not differ from those governing an ordinary negligence case.” Mallen & Smith, Legal Malpractice 8.3, at 411 (3d ed. 1989). See DiPiero v. Goodman, 14 Mass.App.Ct. 929, 930 (1982).
At summary judgment, “[i]f the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact in order to defeat a motion for summary judgment.” Pederson v. Time, Inc., 404 Mass, at 17. The opposing party cannot rest on his or her pleadings and mere assertions of disputed facts to defeat the motion for summary judgment. LaLonde v. Eissner, 405 Mass. 207, 209 (1989). See also Mass.R.Civ.P. 56(e). Legal malpractice cases generally fall outside the common knowledge and understanding of average jurors so as to allow it to proceed to a verdict without the need for expert testimony. See Pongonis v. Saab, 396 Mass. 1005 (1985); Fishman v. Brooks, 396 Mass. 643, 647 (1986); Glidden v. Terranova, 12 Mass.App.Ct. 597, 598 (1981). This case lies within the rule, not the exception. Gallagher proffers no evidence, by way of affidavit or otherwise, tending to indicate that Bougioukas breached any duty owed to Gallagher. Therefore, this Court finds that Bougioukas has carried his burden of demonstrating the absence of a triable issue on the question of malpractice, and his motion for summaiy judgment must be allowed.

ORDER

For the foregoing reasons, it is hereby ORDERED that the defendant William J. Bougioukas’ motion for reconsideration is ALLOWED. This Court’s prior Memorandum of Decision and Order dated May 2, 2005, is VACATED and the defendant’s motion for summaiy judgment is ALLOWED.

 G.L.c. 260, 32 reads in relevant part, “[i]f an action duly commenced within the time limited in this chapter is dismissed ... for any matter of form . . . the plaintiff or any person claiming under him may commence a new action for the same cause within one year after the dismissal.”