Sikora, Mitchell J., J.
RULINGS
The court has received two dispositive motions from counsel for the defendant Kenneth F. D’Arcy. The first is a motion for directed verdict submitted on the morning of January 23, 2006. Counsel for the defendant reported that he had intended to submit that motion at the conclusion of plaintiff Lloyd Matthews’s opening statement to the jury. January 23, 2006, was scheduled for a pretrial conference of parties and counsel. As trial judge, I had intended to empanel a jury and to receive opening statements from the par *28 ties on the following day, January 24. The preliminary conference and discussion between plaintiff Lloyd Matthews, pro se, and defendant’s attorney, Frank A. Marciello, Jr., and the court proceeded at length, upon the record, and in the presence of defendant Kenneth F. D’Arcy at counsel table.
The discussion was valuable. Plaintiff Lloyd Matthews had prepared diligently. His comments in representation of himself were knowledgeable and at all times courteous to both opposing counsel and the court. Attorney Marciello also was well prepared and thoroughly knowledgeable about the case. Attorney Marciello represented that the defendant was ready to empanel, to open, and to go forward with trial. For multiple reasons discussed below, plaintiff Matthews requested a continuance of the trial. Most importantly, in the course of the recorded discussion, plaintiff Matthews acknowledged that he did not have an expert witness in support of his claim of professional malpractice against defendant D’Arcy.
Toward the conclusion of the conference, therefore, attorney Marciello submitted the motion for directed verdict and requested the court to consider it as the equivalent of a motion for directed verdict at the conclusion of the opening. He based that request upon Mr. Matthews’s acknowledgment that he did not have expert testimony available for trial of his allegation of malpractice. In these unusual circumstances, I received the motion. I have subsequently decided to convert it to, and to treat it as, a motion for summaiy judgment under Mass.R.Civ.P. 56(b). I have accordingly provided Mr. Matthews with at least 21 days for submission of opposition and responsive argument. Superior Court Rule 9A(a)(2). I have received his responsive papers. We have now had oral argument upon them.
The second motion submitted by defendant D’Arcy is the motion to dismiss for lack of prosecution. Mass.R.Civ.P. 41(b)(2). I have permitted Mr. Matthews 21 days for the submission of written opposition to that motion. We now have had oral argument upon it.
1. Upon consideration of all written motion and opposition materials and of oral argument, the court hereby ALLOWS defendant D’Arcy’s motion for summary judgment against plaintiff Matthews’s claim of legal malpractice.
2. Upon consideration of all written motion and opposition materials and of oral argument, the court hereby ALLOWS defendant D’Arcy’s motion for dismissal for lack of prosecution pursuant to Mass.R.Civ.P. 41(b)(2).
The rulings upon the respective motions operate independently. Each furnishes a separately adequate ground for entry of final judgment.
ORDER FOR JUDGMENT
Judgment shall now enter in favor of the defendant D’Arcy and against plaintiff Matthews upon the sole claim of this action: the allegation of professional malpractice.
REASONING
I. Factual and Procedural Background
A. The Convictions; Appellate and Collateral Challenge of the Convictions.
In August of 1987, at the conclusion of a trial, a Superior Court jury convicted Lloyd Matthews of (1) indecent assault and battery on a person fourteen or more, G.L.c. 265, § 13H; (2) armed assault in a dwelling house with intent to commit a felony, i.e. larceny in a building, G.L.c. 265, §18A; and (3) forcible rape of a child under sixteen, G.L.c. 265, §22A.
By an unpublished memorandum decision and order entered on December 12, 1989, the Appeals Court affirmed the convictions and affirmed the denial of his motion for new trial. Appeals Court 88-452 and 88-1307.
In 1993 Matthews petitioned the United States District Court for the District of Massachusetts for habeas corpus relief from the convictions upon grounds of ineffective assistance of counsel by his trial attorney, Kenneth D’Arcy. The District Court judge granted the petition. Upon appeal to the Court of Appeals for the First Circuit, a majority of the panel reversed. The majority found that D’Arcy’s performance as trial counsel had not constituted ineffective assistance.
B. The Superior Court Complaint for Professional Malpractice
Meanwhile, on September 12, 1988, Matthews had commenced this action in Norfolk Superior Court for legal malpractice against D’Arcy. The complaint was articulate. It contained multiple specifications of the alleged substandard performance. Generally, Matthews alleged that D’Arcy had staked the defense upon the ground of misidentification of him as the perpetrator and that D’Arcy had overlooked multiple inconsistent statements from the victim witness as an important source of impeachment of her credibility at trial; and that his wrongful conviction had proximately resulted from that general error. The specifications comprised the following allegations.
1. D’Arcy failed to present to the jury discrepancies in the victim/witness’s statements to Boston Police; statements appearing police reports; statements in the Grand Jury minutes; and statements in the probable cause hearing. Complaint at paragraph 18.
2. D’Arcy failed to obtain the probable cause transcripts. He had not handled the probable cause hearing. Thus he went to trial without knowledge of the victim/witness’s testimony at that prior hearing. Complaint at paragraph 20.
3. D’Arcy failed to request a Rodriguez identification instruction so as to remind the jury that the victim/witness could have been honestly mistaken in her identification of him.
*29 4. D’Arcy failed to gather and to use police reports contradicting the testimony of the victim/witness at trial that she had given the police an accurate description on the morning of the alleged crime. The police reports would have shown that she had been unable to identify her attacker at that time. Complaint at paragraph 30.
5. D’Arcy failed to obtain and to use the police reports to impeach the trial testimony of the victim/witness that she had reported to an officer at the scene of the incident that her attacker had placed his fingers inside her vagina and had touched her private parts. The police reports would have shown that she had not made such a report to the officer. Complaint at paragraph 31.
6. D’Arcy had failed to obtain and to use the probable cause hearing transcript to establish an inconsistency in the trial testimony of the victim/witness. At the probable cause hearing she had testified that her room was dimly lit with shades drawn. At trial she had testified that her room was bright. Complaint at paragraph 32.
7. D’Arcy had known that Matthews had only one day of notice of the commencement of trial; and that this short notice had deprived D’Arcy of the availability of a valuable witness. He had not sought additional time. Complaint at paragraph 36.
During the eighteen years and four months from the date of commencement of this action to the date of intended commencement of trial on January 23 or 24, 2006, the original complaint has remained the operative pleading and the specifications in it have remained unchanged.
C. Final Preparations for Trial
On November 16, 2005, a justice of the Superior Court (Hefy, J.) conducted a video conference hearing upon the subject of final preparation for trial. In consequence of the conference with all parties, he issued several orders designed to put the case into final shape for trial.
1. On November 17, 2005, he issued a Pretrial Order. On November 25, 2005, he issued an Amended Pretrial Order. In those Orders (a) he set the trial date of January 23, 2006; (b) he allowed plaintiff Matthews’s request for compulsory production by the Boston Police Department and Suffolk District Attorney’s office of multiple potential evidentiary records for in camera inspection by the court, (c) He ordered both plaintiff and defendant to file by January 3, 2006, separate pretrial memoranda (i) identifying each witness to called; (ii) listing each exhibit to be offered and describing each exhibit by author, agency, date, and volume of pages; and (iii) specifying identify and qualifications of any expert witness to be offered.
2. On November 17, 2005, the same justice issued an Order to the Boston Police Department and to the Suffolk County District Attorney’s office for production to him of their entire files upon the investigation and prosecution of Matthews in 1986 and 1987.
3.On December 27, 2005, Justice Hefy entered an Order resulting from his in camera inspection of the files produced by the Police Department and the District Attorney’s Office. It itemized by title, date if available, and number of pages, 199 documents; preserved them in the courtroom lobby; and, made them available to plaintiff and defendant in the courtroom during trial. In addition, the December 27 Order permitted a parly to identify any specific document which he had not previously received and which was necessary for trial preparation and authorized that party to file a motion for a copy of the document supported by a detailed affidavit explaining the need for it prior to trial.
The Orders of Justice Hefy are docketed in this action as entries 136 (Order to the Boston Police Department and District Attorney dated November 17, 2005); 137 (original Pretrial Order of November 17, 2005); 138 (Amended Pretrial Order of November 25, 2005); and 144 (Order Regarding District Attorney and Police Records dated December 27, 2005).
D. Post-Conference Motions by Plaintiff Matthews
During December of 2005, Lloyd Matthews filed a series of motions in response to Judge Hely’s Orders. Most of these motions entered the docket on January 5, 2006, as entries 146 through 154. In particular Matthews moved (a) for postponement of the filing of his pretrial memorandum (entry 146); (b) for continuance of the trial pending completion of discovery (entries 147, 149, 154); (c) for appointment of a trial attorney (entry 148); (d) for inspection of files produced by the Police Department and District Attorney’s Office (entries 150 and 152); (f) for introduction of probable cause hearing tapes from the Roxbury District Court (entry 151); and (g) for production by the Boston Police of specific documents (entry 153).
One of these motions, entry 152, does comply with Judge Hefy’s Orders. That motion seeks copies of nine of 199 documents itemized by Judge Hefy’s December 27 Order summarizing his in camera inspection of the products from the Boston Police Department and Suffolk District Attorney’s Office and making specific items available to the parties upon verified explanation of need for them. Accordingly, I have forwarded copies of those nine requested items to Mr. Matthews. Motion allowed.
The remainder of the motions, entries 146-151 and 153-154, essentially disregard Judge Hefy’s Orders, seek to expand exploratory discovery, seek to delay the trial indefinitely, and seek the appointment of counsel to assist in a private damages action. I must DENY those motions. They are contradictory of Judge Hefy’s Orders, untimely in the circumstances, and generally *30 unsupported by legal or practical grounds at this stage.
II. Summary Judgment for Lack of Expert Testimony
Defendant D’Arcy’s motion for a directed verdict dated January 23, 2006, now converted to a motion for summary judgment under Mass.R.Civ.P. 56(b), rests upon one essential ground: that a plaintiff claiming legal malpractice must typically support his allegation at trial with expert testimony tending to prove substandard performance by the defendant attorney and causation of harm to the former client by that substandard performance. At the preliminary trial conference of January 23, 2006, Mr. Matthews acknowledged that he does not have expert testimony for submission at trial; but that he intends to rely upon percipient evidence of alleged deficiencies in attorney D’Arcy’s performance, inferences of substandard practice, and inferences of resulting harm to him.
In Massachusetts a convicted criminal defendant suing his former criminal defense counsel for malpractice must establish as prima Jade elements of his claim (1) substandard practice, (2) harm typically in the form of conviction and its consequences; and (3) his actual innocence. Glenn v. Aiken, 409 Mass. 699, 704-08 (1991). The third element is demanding. It requires the claimant to prove not merely that better representation would have achieved a verdict of not guilty as a matter of criminal law (for example, by introduction of reasonable doubt of guilt). It requires him to prove innocence as a matter of fact. Massachusetts has included that rigorous element, at least in part, so as to afford criminal defense counsel (who serve constitutional values often despite strong evidentiary odds, oppressive workloads, and grueling client relations) with a meaningful safeguard against attritive litigation fueled by the disappointment, anger, and spare time of convicted former clients. Glenn v. Aiken, 409 Mass, at 707-08. To establish all three prima Jade elements expert testimony will typically be necessary to assist the jury. Pongonis v. Saab, 396 Mass. 1005 (1985); Fall River Savings Bank v. Callahan, 18 Mass.App.Ct. 76, 82 (1984); Brown v. Gerstein, 17 Mass.App.Ct. 558, 566 (1984); DiPiero v. Goodman, 14 Mass.App.Ct. 929, 929-30 (1982), cert. denied, 460 U.S. 1029 (1983); and Glidden v. Terranova, 12 Mass.App.Ct. 597, 598 (1981).
. As Mr. Matthews points out, some instances of malpractice can be “so plain or obvious, that laymen can rely on their common knowledge to recognize or infer negligence.” Pongonis v. Saab, 396 Mass, at 1005. However, this case does not fall into that exceptional category. Mr. Matthews has requested a jury. He received allowance of that motion by Judge Hely. He must therefore demonstrate to laypersons that attorney D’Arcy’s decision to rely upon a defense of misidentification and to bypass opportunities to impeach the credibility of the victim/witness by prior inconsistent statements deviated from an established criminal defense practice norm in the community and more probably than not caused the verdict against him. That task of proof requires the testimony of a very capable and credible expert witness. It cannot reach fulfillment by a layperson’s reasonable inference.
Additionally, even in a bench trial of this legal malpractice action, a judge will require the assistance of expert testimony. Note that the issue was sufficiently controvertible to divide the opinions of experienced judges at the trial and appellate levels of Mr. Matthews’s federal habeas corpus proceedings. The federal trial judge granted his petition upon grounds of ineffective assistance of counsel; but two of the three appellate judges rejected his argument in the course of long and divergent reasoning. See Matthews v. Rakie, 54 F.3d 908 at 916-18 and 919-21 (1995). It remains open in Massachusetts doctrine whether adjudication rejecting a claim of constitutionally deficient or ineffective assistance of counsel in criminal proceedings should furnish preclusion of the issue in a later claim of civil legal malpractice against the same criminal defense attorney. See Glenn v. Aiken, 409 Mass. 699, 701-02 & n.2 (cases collected from other jurisdictions approving of issue preclusion or collateral estoppel). If issue preclusion does not apply, the general value of strong analogy at the least indicates the need for expert support for the claim of a plaintiff previously unsuccessful in appeal and then in collateral attack based upon ineffective assistance of counsel.
Without expert testimony, Mr. Matthews faces prohibitive odds of demonstrating essential elements of substandard performance, proximate causation of harm, and factual innocence.
A party is entitled to summaiy judgment if he demonstrates that his opponent has “no reasonable expectation of proving an essential element of [his] case.” Symmons v. O’Keefe, 419 Mass. 288, 293 (1995), quoting Wheatley v. American Tel & Tel Co., 418 Mass. 394, 397 (1994). See also Tetrault v. Mahoney, Hawkes & Goldings, 425 Mass. 456, 459 (1996); and Kourouvacilis v. General Motors Corporation, 410 Mass. 706, 716 (1991) (leading discussion). Here, the absence of expert testimony leaves Mr. Matthews with “no reasonable expectation of proving” substandard practice, causation of harm, and factual innocence.
Finally, the matter of timeliness is important. Mr. Matthews submitted a detailed and competent complaint in September of 1988. It specified the alleged deficiencies in practice by his former defense attorney. More than 17 years have intervened. That time span has provided the opportunity for acquisition of some expert assistance. Mr. Matthews’s legal acumen is considerable. His written and oral work shows a thorough grasp of legal methodology and concepts. He relates that at times he has been able to afford private *31 counsel. He was aware of the issue of the necessity of expert testimony. He appears to be thoroughly familiar with the case law upon the major issues of his position in both the criminal and civil adjudications. In sum, I conclude that Mr. Matthews has had the opportunity to acquire and to use expert assistance for the presentation of his legal malpractice claim
III. Failure to Prosecute within the Meaning of Mass.R.Civ. 41(b)(2)
The Rule provides in pertinent part, “On motion of the defendant, with notice, a court may, in its discretion, dismiss any action for failure of the plaintiff to prosecute or to comply with these rules or any order of court.” After his conference of November 17, 2005, with the parties, Judge Hely issued the four ensuing Orders (itemized above) for final trial preparation. The Orders were detailed. They reflected serious thought and considerable work on his part. In particular, he extracted from the offices of the Boston Police Department and the Suffolk District Attorney 199 sets of documents, examined them, classified and described them, and made them available to the parties. He directed the parties to prepare serious Anal pretrial memoranda in detail. He granted Mr. Matthews’s late motion for a jury. He designated Januaiy 23, 2006, as the trial date. Mr. Matthews’s various responsive motions arrived just after Judge Hely’s departure from the Session. I have inherited them. I have examined them closely. I have questioned Mr. Matthews about them at the Januaiy 23 trial conference. Their general thrust is to continue exploratoiy discoveiy and to postpone trial indefinitely. After 17 years of pendency, after considerable work by a pretrial judge, and after reliance by defendant D’Arcy and his attorney, those motions for further delay and further general discoveiy are simply unfair and violative of Judge Hely’s efforts and orders.
I have provided to Mr. Matthews copies of the nine sets of documents from the 199 collected and prescribed by Judge Hely. He has not demonstrated the prejudicial deprivation of any information contained in those documents so as to justify postponement of the trial.
In these circumstances I must deem Mr. Matthews’s unwillingness to go forward with the trial on Januaiy 23, 2006, and now, as a failure “to prosecute or to comply with . . . any order of court.”
Both in the long run of 17 years, and in the short run of the pretrial Orders of Judge Hely in November and December of 2005, Mr. Matthews has had the opportunity to bring this claim to culmination by trial. A trial court cannot function as a perpetual way station for litigants unwilling to surrender a claim and unwilling to bring it to trial.
Conclusion
For these reasons, I am ordering the entiy of judgment in favor of the defendant, Kenneth F. D’Arcy against the claim of legal malpractice by plaintiff Lloyd Matthews upon the independent, alternative grounds of (1) summaiy judgment pursuant to Mass.R.Civ.P. 56(b); and (2) dismissal pursuant to Mass.R.Civ.P. 41(b)(2).