Rup, Mary-Lou, J.
The plaintiff in this case, Donna Ellis (“Ellis”), brought an action against her brother Anthony DiPasquale (“DiPasquale”) and attorney Richard Peters (“Peters”) for actions related to the probating of her late mother’s estate. Specifically, Ellis alleges that the defendants induced her to sign a disclaimer that eliminated her right to half of the estate. Her complaint asserts several claims against DiPasquale including breach of fiduciary duty, constructive fraud, fraud-concealment, and constructive trust. She also brought actions against attorney Peters, whom DiPasquale had hired to represent his late mother’s estate, including fraud-concealment and professional malpractice. Ellis and DiPasquale settled their dispute out of court.
The matter is currently before the court on Peters’s motion for summary judgment. For the forgoing reasons his motion for summary judgment will be ALLOWED.
FACTS AS PRESENTED IN PLEADINGS
On or about April 1, 1999, the late Sylvia J. DiP-asquale (“Sylvia”) executed her last will and testament. The document provided bequests to each of her grandchildren and, thereafter, divided the remainder of her property evenly between her two surviving children, Ellis and DiPasquale. Sylvia died on January 9, 2001. Her will was filed on August 24, 2001, and named DiPasquale as executor and Ellis as co-executor in the event of DiPasquale’s death or incapacity. Under the terms of the will the executor was responsible only for the executor’s own acts and omissions of bad faith.
On February 1, 2002, DiPasquale unexpectedly came to Ellis’s home and asked her to accompany him to the office of Attorney Peters, whom he had hired to assist him in probating the estate. There she met Peters for the first time. With DiPasquale and Peters sitting on either side of her, Ellis was asked to sign a document disclaiming her share of her late mother’s estate. According to Ellis, Peters said that her signature on the document would enable DiPasquale to take care of the real estate and Ellis would not have to worry about anything. Ellis signed the disclaimer. She also signed a letter from Peters acknowledging that: (1) Peters represented the estate and not her; (2) she had an opportunity to consult with an attorney of her own choice before signing the disclaimer and declined to do so; and (3) she signed the disclaimer of her own free will.
The first and final account of the estate was filed in the Worcester Probate and Family Court on April 21, 2002. The estate featured several parcels of real estate including Ellis’s residence, a multi-unit apartment building located at 638 Grafton Street in Worcester, and DiPasquale’s residence at 26 Montgomery Avenue in Worcester. Also included were interests in undeveloped real property in Worcester and West Boylston, life insurance, and United States Savings Bonds. According to the will, Ellis was entitled to half of this property. These assets totaled $410,044.79, or $393,547.07 after taxes. Of this amount, the value of Ellis’s share would have totaled $196,773.54.
From previous conversations with Sylvia, Ellis knew that she was entitled to half the estate. Nevertheless, after the meeting in Peters’s office, Ellis received no funds or assets from the estate. Throughout 2002 and 2003, Ellis made numerous inquiries of DiPasquale on the status of the probate, all to no avail. According to Ellis, after 2003 the subject never came up again in her conversations with DiPasquale thereafter.
Ellis initiated this suit in May 2007. As reason for her delay, she stated that she did not really understand what she signed and trusted her brother, but later realized that he did not do the right thing. Ellis settled her dispute with DiPasquale, and received $242,000.00.
DISCUSSION
In moving for summary judgment, Peters contends that: (1) he had no attorney-client relationship with Ellis and owed her no fiduciary duty; (2) there were no misrepresentations and no concealment of information during his meeting with Ellis and DiPasquale; (3) Ellis cannot prove any damages; and (4) Ellis’s claims are time-barred.
Summary judgment is appropriate when there is “no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law.” Mass.R.Civ.P. 56(c), as amended, 436 Mass. 1404 (2002). The moving party bears the initial burden of affirmatively demonstrating that there is no genuine issue of material fact. Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). The moving party may satisfy this burden by showing that there is an absence of evidence to support the opposing party’s case or by submitting affidavits or other materials referenced in *316 Mass.R.Civ.P 56(c) which demonstrate that the opposing party has “no reasonable expectation of proving an essential element of that party’s case” at trial. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 711, 716 (1991). Parties who do not bear the burden of proof at trial may satisfy this burden either by submitting affirmative evidence that negates an essential element of the opposing party’s case or by demonstrating that the opposing party has no reasonable expectation of proving an essential element of his case at trial. Flesner v. Technical Commc’ns Corp., 410 Mass. 805, 809 (1991). Once the moving party has shown that there is no genuine issue of material fact, the burden shifts to the party opposing the motion to respond and allege specific facts that establish the existence of a genuine triable issue. Pederson, 404 Mass. at 17.
A.Legal Malpractice Claim
In order to recover in malpractice against an attorney, the plaintiff must establish “that the defendant! ] had failed to exercise reasonable care and skill in handling her case, . . . that she had incurred a loss, and that the defendant’s malpractice was the proximate cause of that loss.” DiPiero v. Goodman, 14 Mass.App.Ct. 929, 929 (1982).
Here, Ellis admitted in her affidavit that Peters never was her attorney. Nevertheless, an attorney may owe a non-client a duty of care if it could reasonably be expected that the non-client would rely on the statements or actions of the attorney. McCarthy v. Landry, 42 Mass.App.Ct. 488, 490, 491 (1997); also Robertson v. Gaston Snow & Ely Bartlett, 404 Mass. 515, 524 (1989).
In the current case, a material factual dispute exists regarding whether, under the circumstances, a reasonable person in Ellis’s position could be expected to rely on what Peters said and did not say during the February 2002 meeting about the meaning and effect of the disclaimer. Ellis is a woman of limited education and experience; she alleges she trusted DiPasquale to manage the estate, particularly given his level of education. The disclaimer itself was a complex legal document which a person of limited education and experience, such as Ellis, would likely have needed assistance understanding. Whether Peters had and failed to fulfill a fiduciary duty he owed to Ellis as a non-client is a question for the jury.[2] Summary judgment is not appropriate on this ground.
B.Fraud and Concealment Claims
Ellis also accuses Peters of fraud and concealment. To the extent that Peters owed Ellis a duty as a non-client, Ellis has established a sufficient foothold to present the fraud-concealment claim to a jury. Issues of material fact exist as to whether Peters engaged in fraud and/or concealment when he presented Ellis with the disclaimer and by his accompanying statements and/or silence as to the effect of the disclaimer.
C.Damages
Peters argues that Ellis suffered no damages because the amount of her settlement with DiPasquale exceeds the amount she would have recovered under the terms of Sylvia’s will. Even though Ellis’s opposition does not specifically address this argument, Peters has not demonstrated, as a matter of law, that Ellis would be entitled to no damages on her claims against him apart from her recoveiy under the terms of the will.
D.Statute of Limitations
Peters asserts that Ellis’s claims are time-barred. The applicable statutes on this point are G.L.c. 260, §2A, and c. 260 §4, which limit causes of action in fraud and malpractice, respectively, to three years from the date of alleged injuiy.
In actions for malpractice against attorneys, the cause of action does not accrue until the misrepresentation is discovered or should reasonably have been discovered, whichever occurs first. Williams v. Ely, 423 Mass. 467, 473 (1996). The limitations period begins “when a reasonably prudent person (in the tort claimant’s position), reacting to any suspicious circumstances of which he might have been aware . . . should have discovered that he had been harmed by the defendant.” Hanson Housing Authority v. Dryvit Systems, Inc., 29 Mass.App.Ct. 440, 446 (1990), quoting Malananis v. Shirazi, 21 Mass.App.Ct. 378, 383 (1986). Under “[t]he 'discovery rule,’ . . . ‘certain causes of action based on inherently unknowable wrongs do not accrue until the plaintiff learns, or reasonably should have learned, that [she] has been harmed by the defendant’s conduct.’ ” Hanson, 29 Mass.App.Ct. at 443, quoting White v. Peabody Construction Co., 386 Mass. 121, 129 (1982). “This discovery rule also applies to actions for fraud and misrepresentation.” McEneaney v. Chestnut Hill Realty Corp., 38 Mass.App.Ct. 573, 576, 577 (1995) (statute of limitations for fraud action tolled pending discovery of fraudulent misrepresentations).
Here, undisputed facts show that Ellis began to ask her brother about her share of the estate within months of signing the disclaimer, indicating that she knew that her financial interests had possibly been harmed. Ellis acknowledges that she repeatedly inquired of her brother from 2002 through 2003, but not thereafter, and that she received no share of the estate until she settled with DiPasquale after filing this suit. Although it does not appear that Ellis sought to check Probate and Family Court records, the final account was filed there by late April 2002. Ellis asserts that she failed to take action against Peters until five years and three months after their only meeting in February 2002, because she trusted DiPasquale and the topic of the estate never came up again during post-2003 conversations with him, and that she is naive, of limited intelligence and life experience. Those assertions are insufficient to demonstrate the existence of *317 a factual dispute as to whether Ellis failed to discover until May 2004, or later, that she had suffered harm and that Peters’s role in the disclaimer caused her harm. As a consequence, Ellis’s claims against Peters are time-barred.
ORDER
As Donna’s claims against Peters are time-barred, It is hereby ORDERED that defendant’s motion for summary judgment is ALLOWED.

The duty owed to a non-client does not apply if it would possibly conflict with the attorney’s duties to the client. See Lomare v. Basbanes, 418 Mass. 274, 276 (1994). To the extent that the only possible duty to DiPasquale that could have been affected by a more thorough explanation of the document was a fraudulent collusion to exclude Ellis from her share of the estate, no legitimate conflict existed that would have shielded Peters from a duty of care to Ellis.