REPUBLIC OIL CORPORATION *vs.* RONALD H. DANZIGER. February 29, 1980. The judge was correct in allowing the plaintiff's motion for summary judgment (Mass.R.Civ.P. 56) on the issue of the defendant's liability to the plaintiff for negligent certification of title, and in entering judgment for the plaintiff in the amount of $18,253.64 after a hearing on the issue of damages. The undisputed facts derived from the pleadings, affidavits, and depositions are that the defendant, an attorney, was engaged to represent the plaintiff in the purchase of certain real property, to conduct a title examination, and to secure the discharge of all encumbrances on the property. The plaintiff purchased the property in reliance on the defendant's representation that all obligations and encumbrances had been cleared and that the plaintiff would receive a clear title. The property was transferred to the plaintiff in consideration of payment by the plaintiff of certain outstanding obligations of the grantor, such as indebtedness owed on the first mortgage on the property, liens, and back taxes, and the discharge of substantial indebtedness owed by the grantor to the plaintiff. The plaintiff secured a mortgage from Community Savings Bank for $222,000, the amount necessary to pay these obligations. Prior to the closing, however, the defendant had discovered a financing statement recorded pursuant to G. L. c. 106, §§ 9-401 through 9-403, in the Hampden County registry of deeds by the Springfield Gas Light Company covering heating and cooling equipment installed on the subject property. He failed to secure a discharge or subordination of the lien, of which the financing statement gave notice, nor did he bring the fact of the lien to the plaintiff's attention. The amount of the lien, added to the above-stated purchase price, would have exceeded the maximum amount that the plaintiff was willing to pay for the property. More than a year after closing, a demand was made on the plaintiff for payment of the lien. The plaintiff's mortgagee, Community Savings Bank, claimed a breach of its mortgage when it discovered the prior claim on the property, and commenced foreclosure proceedings. To avoid foreclosure, the plaintiff paid the lien ($17,234.21) and the bank's foreclosure costs ($1,019.43).

1. The defendant argues on appeal that material facts exist which entitle him to a trial on the issue of his liability, such as the fact that the plaintiff, under the terms of an alleged oral agreement with the grantor of the property, was obligated to pay off all encumbrances, and could later sell the property back to the grantor and be compensated for any expenses incurred in removing encumbrances, and therefore has suffered no damages; that the equipment in question was not "affixed" to the property and hence, the security interest in the equipment was not an encumbrance on the property; and that the defendant's knowledge of the security interest should be imputed to the plaintiff because, in addition to his role as the plaintiff's attorney, the defendant was also the clerk of the plaintiff corporation. In opposition to the plaintiff's motion for summary judgment, the defendant presented an affidavit with attached documents drawn by him as the plaintiff's attorney in connection with the purchase of the subject property, but failed to assert any factual defense by way of specific facts as required by Mass.R.Civ.P. 56(e), 365 Mass. 825 (1974), in order to preclude entry of summary judgment for the plaintiff. See *Community Natl. Bank* v. *Dawes*, 369 Mass. 550 (1976). Rather, by his own admissions, contained in his deposition submitted by the plaintiff, the defendant acknowledged that he had made an error in failing to follow up on the lien and in failing to notify the plaintiff of its existence, and that if the plaintiff had known about the lien before the closing, "it would have jeopardized the situation and not made it a workable situation." We conclude that the judge based his ruling on undisputed facts which entitled the plaintiff to summary judgment as matter of law, and was correct in holding the defendant liable to the plaintiff for failure to disclose to the plaintiff as his client the existence of a perfected security interest in the heating and cooling equipment which, when discovered, triggered a default of the plaintiff's mortgage and subjected the plaintiff to the expense of paying off the lien and paying the bank's foreclosure costs. See *Hendrickson* v. *Sears*, 365 Mass. 83, 90 (1974).

2. The defendant also challenges the judge's findings on damages, and argues that the judge erred in failing to make special findings of fact. We conclude that the matters which the defendant argues required special findings were extraneous to the issue of damages. The judge's memorandum of findings states specifically and sufficiently the findings of fact upon which he relied. Those findings are amply supported by the evidence. Mass.R.Civ.P. 52(a), 365 Mass. 824 (1974).

*Judgment affirmed.*

*Gerard L. Pellegrini* for the defendant.
*Arthur W. Price* for the plaintiff.