Fremont-Smith, Thayer, J.
This action arises from the conveyance and encumbrance of real properly by Peter C. DeGennaro (“Peter") following his divorce from plaintiff Corrinne A. DeGennaro (“Corrinne”).
Corrinne seeks a summary judgment declaring that Peter’s conveyance of the marital home from a trust (of which he was trustee) to himself and his subsequent mortgage of the home for a loan he received from Argent Mortgage Company[1] are void because they were done in violation of the trust, of which plaintiff was the beneficiary, and in violation of a separation agreement between Corrinne and Peter. She also seeks a declaratory judgment as to Peter’s breach of the trust provisions and of the separation agreement. Ameriquest seeks a declaratory judgment, by way of cross motion for summary judgment, that the mortgage is valid.

Discussion

Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Mass.R.Civ.P. 56(c); Cassesso v. Comm’ r of Corr., 390 Mass. 419, 422 (1983); Cmty. Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976). The moving party must affirmatively demonstrate that there is no genuine issue of material fact on each relevant issue. Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). A “material” fact is one that might affect the outcome of the suit under the applicable law. Mulvihill v. The Top-Flight Golf Co., 335 F.3d 15, 19 (1st Cir. 2003). “Genuine” means that the evidence would permit a reasonable fact finder to resolve the point in favor of the non-movant. Id.
If the moving party does not bear the burden of proof at trial, it must either: (1) submit affirmative evidence negating an essential element of the non-moving parly’s claim; or (2) demonstrate that the non-moving party’s evidence is insufficient to establish its claim. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 711 (1991). The non-moving party may not defeat the motion for summary judgment by resting merely on the allegations and denials of its pleadings, but must set forth specific facts with affidavits, deposition testimony, answers to interrogatories, or admissions on file showing that there is a genuine issue for trial. Mass.R.Civ.P. 56(e). The court will interpret all inferences in the light most favorable to the non-moving party. Blare v. Husky Injection Molding Sys. Boston, Inc., 419 Mass. 437, 438 (1995).

*563
Validity of the Mortgage

The gravamen of the complaint is that Peter violated the Trust and the Separation Agreement and that the lenders were aware of this when they provided him personally with a loan and took a mortgage from him on the home. Peter had conveyed the properly to himself individually for $ 1, as the bank would not take a mortgage in property held by a trust. The bank’s title examination put it on notice of the trust and has also stipulated it was aware of the terms of the trust.
In Steele v. Kelley, 46 Mass.App.Ct. 712 (1999), the Appeals Court held that the duty of loyalty of a trustee to a trust beneficiary did not preclude the defendant trustee from giving himself a mortgage on the trust res, where the trust instrument conferred upon the trustee, inter alia: “Absolute power, control, and management of the trust res”; “the right to deal with the trust property as if he were the absolute owner thereof’; and, “absolute discretion whether or not to sell or mortgage the trust property in whole or in part with or without consideration.” Id., at 735. Here, however, the Declaration of Trust does not confer upon the trustee absolute power, but only confers “exclusive management and control.” Furthermore, the Declaration of Trust here limits the trustee’s ability to sell the res: he must obtain adequate and full consideration, and terms that he considers advisable. Accordingly, the terms of the Declaration of Trust in this case did not authorize the trustee to convey the property to himself and to mortgage the property in his own name.
However, it is a settled rule of law that “one cannot accept the benefits of a transaction purporting to be done in his behalf and afterwards repudiate it.” O’Connell v. Reliance Ins. Co., 50 Mass.App.Ct. 334, 336 (2000). While Peter acknowledges that he put a new mortgage on the property, he has testified without contradiction that Corrinne was aware of the transaction and that, without the refinancing, Butler Bank would have foreclosed on the property. Furthermore, Corrinne has testified at deposition that Peter had told her that he was going to convey the property to himself, refinance it, and reconvey the property to the trust, to which she did not object, and has also admitted at deposition that the refinancing of the property provided for the discharge of other mortgages on the property held by Atlantic Mortgage and Stoneham Cooperative Bank which, under the Separation Agreement, she had agreed to assume.
While it is true that Peter used part of the loan for his own benefit, paying off a debt he owed to his attorney (Paczkowski), and that this may make Peter and Paczkowski themselves liable for breach of the trust and of the separation agreement, this does not entitle Corrinne to void the mortgage held by Ameriqu-est where she acquiesced in the transaction which was, at least in part, for her benefit. Accordingly, the Court will allow Ameriquest’s motion for summary judgment as to Counts III and count VI of the Complaint.

Promissory Note

On December 18, 2001, Peter executed a promissory note to pay to Corrinne $350,000 “on demand made fifteen months following June 25, 2001 providing and only in the event that the mortgage of Butler Bank, recorded with the Middlesex Registry of Deeds secured by [the property] has not been released or discharged.” Corrinne has testified that Peter is in default on the terms of the promissory note and Peter acknowledges that Butler Bank did not discharge its mortgage within fifteen months. There is, therefore, a clear violation of the promissory note, and plaintiff is entitled to summary judgment on Count VI of the Complaint.

Breach of the Separation Agreement

Prior to their divorce Corrinne and Peter executed a separation agreement, which provided, in relevant part, that Peter, the sole trustee of the Trust, agreed to deed to Corrine the marital property and to make every effort to remove the Butler Bank mortgage from that property. Corrinne agreed to assume Atlantic Mortgage’s $115,000 mortgage and Stoneham Cooperative Bank’s $30,000 mortgage on that properly, and to pay the real estate taxes. Peter specifically agreed to pay off the Butler Bank mortgage with money derived from his sale of other properties rather than money derived from the marital property, and agreed that, if he failed to remove the Butler Bank mortgage within nine months, then he would pay to Corrinne, pursuant to a promissory note, the sum of $350,000. Also, Peter agreed not to incur any debt for which the property would become liable.
Here, Peter plainly breached the separation agreement by placing a new $400,000 mortgage on the property.[2] Although the amount of her damages may be problematic, as she also benefitted from the transaction by the pay-off of the other mortgages which she had agreed to assume as well as from the later pay-off of the Butler Bank mortgage, the Court allows plaintiffs motion for summary judgment on count VII of the Complaint.

ORDER

Accordingly, plaintiffs motion for summary judgment on Counts III and IV is DENIED and Ameriquest’s cross motion on Counts III and IV is ALLOWED. Plaintiffs motion for summary judgment on Counts VI and VII is ALLOWED.
Count I is dismissed, as the facts are undisputed that Corrinne was aware of and acquiesced in the entire transaction. Accordingly, on the undisputed facts, there was no “concealment” or “fraud,” as alleged in Count I.
Counts II, V and VIII are dismissed as redundant and duplicative of the other counts discussed above. As for Counts IX and X, there are disputed facts, so that the Court DENIES plaintiffs motion for summary *564 judgment and reserves those counts for a separate trial.
As the Court has now resolved liability issues as to Counts I though VIII and has severed Counts IX and X for separate trial, the Court will schedule a final pretrial conference as to damages on Counts VI and VII.

Argent assigned the mortgage to Ameriquest Mortgage Company. Argent and Ameriquest Mortgage Company are alleged to be subsidiaries of Ameriquest Capital Corp. (“the lenders”).

Corrinne’s acquiescence in Peter’s “transaction” with Ameriquest so as to bar her repudiation of Peter’s Ameriquest transaction under O’Connell, did not waive her independent contractual rights under the Separation Agreement, where no evidence was presented to indicate that Peter relied on her acquiescence. See: Williston, Law of Contracts (4th Ed) §39:35.