Fremont-Smith, Thayer, J.
This action arises from the conveyance and encumbrance of real property by Peter C. DeGennaro (“Peter”) following his divorce from plaintiff Corinne A. DeGennaro (“Corinne”).
On July 3, 2007, this Court issued a decision allowing defendant Ameriquest Mortgage’s motion for summary judgment as to Counts III and IV [22 Mass. L. Rptr. 562]. This Court held that the mortgage is valid and that a constructive trust is not necessary: The summary judgment record demonstrates that Corinne accepted the benefits of the refinancing which was purported to be done on her behalf. See O’Connell v. Reliance Ins. Co., 50 Mass.App.Ct. 334, 336 (2000) (“[0]ne cannot accept the benefits of a transaction purporting to be done in his behalf and afterwards repudiate it”).
Peter has testified, by verified opposition, that Corinne was aware of the refinancing, and that, without refinancing, Butler Bank would have foreclosed on the property at 7 Presidential Drive. Docket #37, Verified Opposition para. 6 at 2-3. Corinne has testified at deposition that Peter had told her that he was going to convey the property to himself, refinance it, and reconvey the property to the trust, to which she did not object. Docket #42, King Aff. Ex. 1 at 109. Corinne has also testified at deposition that the refinancing of the property at 7 Presidential Drive provided for the discharge of Atlantic Mortgage’s and Stoneham Cooperative Bank’s mortgages. Id. at 44, 50-51.
“Admissions by a party at a deposition may provide the basis for summary judgment against that party.” J.M. Greaney and W.B. Hartwell, Massachusetts Summary Judgment Benchbook §5.0 at 52 (2005), citing Republic Oil Corp. v. Dansiger, 9 Mass.App.Ct. 858 (1980) (Plaintiff entitled to summary judgment where *52 defendant admitted, through deposition testimony, that he had erred).
None of the evidence to which Corinne directs this Court contradicts the above admission. Corinne’s statement that she was not aware of the “fraudulent circumstances through which the mortgage was obtained,” Docket #53 Ex. A, Compl. para. 28, is too vague to contradict her admission that she acquiesced to the transaction. Her statement that she told Peter that she “found out he did the re-fi without my approval,” Docket #53 Ex. B, Corinne Depo. at 88, does not contradict her admission that she had been told of his plan to refinance and did not object. Further, her response that she did not know anything about the details of the mortgage or agree to its amount, id. at 112, is irrelevant given her admission that she acquiesced in the refinancing transaction which was, at least in part, for her benefit. O’Connell v. Reliance Ins. Co., supra.
Statements by Corinne’s attorney that he did not know about the closing on the mortgage until after the fact, Docket #53 Ex. C, DeNapoli Depo. at 74, 80-82, 103, are irrelevant as his lack of knowledge does not contradict her above admission. Also, a statement by Peter’s attorney that no one contacted Corinne “relative to this refinancing transaction,” Docket #53 Ex. D, Paczowski Depo. at 55, does not contradict Corinne’s admission that she acquiesced in Peter’s plan to refinance.
Nor is there a dispute of fact as to whether Corinne benefitted. While she did end up with a $400,000 mortgage, the refinancing permitted the pay off of the Butler Bank blanket mortgage ($1,000,000) for $200,000 and two other mortgages exceeding $118,000 which were threatening foreclosure. The Court’s “Memorandum of Decision and Order” dated June 29, 2007 found that Peter had violated the separation agreement with respect to the $400,000 and would be liable for any damages to Corinne resulting therefrom. Under the circumstances, to void the mortgage so as to leave the Bank’s loan to Peter unsecured would create a windfall for Corinne and Peter, who used the money for their benefit, and would be unfair to the Bank.
Further statements in Corinne’s Rule 9A(b)(5) response are not considered by this Court under Mass.R.Civ.P. 56(c). Even if this Court were to treat those statements as affidavit testimony, “a party cannot create a disputed issue of fact by the expedient of contradicting by affidavit statements previously made under oath at deposition.” O’Brien v. Analog Devices, Inc., 34 Mass.App.Ct. 905, 906 (1993).
ORDER
Accordingly, plaintiffs motion for reconsideration of its decision allowing Ameriquest’s motion for summary judgment as to Counts III and IV is DENIED.