ALBERT PONGONIS *vs.* LOUIS M. SAAB. December 11, 1985. *Negligence,* Attorney. *Attorney at Law,* Malpractice. *Evidence,* Legal malpractice, Professional standards.

In this case Pongonis alleges that, by reason of the negligence of Saab (an attorney), Pongonis realized only $3,000 cash in settlement of a contract action which had a value many times greater than this figure to Pongonis. At the close of Pongonis' evidence before a Superior Court jury, the judge allowed Saab's motion for a directed verdict. Pongonis appealed and this court ordered direct review on its own motion. Both parties have argued, we think correctly, that the precise issue is whether Pongonis' case was fatally deficient because no expert testimony was adduced on the issue of Saab's alleged negligence.

The parties agree that Saab acted as attorney for Pongonis in handling a contract action brought by Pongonis against Symphonic Radio & Electronic Corporation (Symphonic). Pongonis and Symphonic had agreed that Pongonis was to purchase all Symphonic's second-quality merchandise at a price of cost plus 10%. It was shown that Symphonic terminated the arrangement with Pongonis. Pongonis asserted that the termination was wrongful, and that, by reason of Saab's advice that Symphonic "was going broke," Pongonis settled the matter for $3,000. The issue of the financial condition of Symphonic was disputed in the evidence. There was also other evidence, again disputed, that purported to show, among other things, that it was Pongonis who violated the contract, that the contract by its terms was terminable at will by Symphonic, and that these factors were reasons advanced by Saab to Pongonis for settling the case.

An attorney owes his client an obligation to exercise a reasonable degree of care and skill in the performance of his legal duties. *McLellan* v. *Fuller,* 226 Mass. 374, 377-378 (1917). *Glidden* v. *Terranova,* 12 Mass. App. Ct. 597, 598 (1981). Expert testimony is generally necessary to establish that the attorney failed to meet the standard of care owed by an attorney in a particular case. *Fall River Sav. Bank* v. *Callahan,* 18 Mass. App. Ct. 76, 82 (1984). *Brown* v. *Gerstein,* 17 Mass. App. Ct. 558, 566 (1984). *DiPiero* v. *Goodman,* 14 Mass. App. Ct. 929, 929-930 (1982), cert. denied, 460 U.S. 1029 (1983). *Glidden* v. *Terranova, supra.* Although expert testimony is not essential where the claimed legal malpractice is so gross or obvious that laymen can rely on their common knowledge to recognize or infer negligence, see, e.g., *Varnum* v. *Martin,* 15 Pick. 440, 442 (1834) (although expert testimony apparently lacking, evidence sufficient to uphold verdict against attorney for negligence); *Gilbert* v. *Williams,* 8 Mass. 51, 57 (1811) ("[W]henever an attorney disobeys the lawful instructions of his client, and a loss ensues, for that loss the attorney is responsible"), this is not such a case. Clearly, on the issue of Saab's negligence, the jury here needed the assistance of expert opinion.

*Judgment affirmed.*

*Albert Pongonis,* pro se.
*Andre A. Sansoucy (Richard L. Neumeier* with him) for the defendant.