MacFarlane v. MacKean                    CV-92-614-SD   07/10/95

UNITED STATES DISTRICT COURT FOR THE

                         DISTRICT OF NEW HAMPSHIRE


James MacFarlane

        v.                                      Civil No. 92-614-SD

Edgar D. MacKean III, et al



                            O R D E R


     This order addresses some, but not all, of the issues raised
by certain currently pending motions.


1.   Defendants' Motion to Continue, document 50

     This legal malpractice action is currently scheduled for
final pretrial conference on September 7, 1995, with jury
selection to be held on September 26, 1995.  Unfortunately, two
of the defendants, Attorneys McKean and Nye, will not be
available for trial as thus scheduled.  Attorney McKean is
required to attend a trial in Rhode Island, and Attorney Nye will
be without the country during the currently scheduled trial
dates.

     As the time for interposition of an objection to the motion
has passed without such objection having been filed, the court,
on due consideration of the motion, herewith grants same.  The
final pretrial conference of September 7 and the jury selection
of September 26, 1995, are herewith continued, to be thereafter
rescheduled at the convenience of the court's calendar.

## 2. Defendants' Motion to Dismiss/Summary Judgment, document 51

This dispositive motion, to which plaintiff has interposed objections, documents 56 and 57,[1] is largely grounded on defendants' argument that plaintiff, having failed to disclose an expert by December 7, 1994, cannot prove his case.

Although plaintiff argues that such expert testimony is not required, in part his objection suggests that he should be granted additional time to find such expert.

The New Hampshire Supreme Court has not yet addressed the issue as to whether expert testimony is required in an action for legal malpractice. This court is satisfied, however, that the better rule, which will be adopted in New Hampshire, is that such expert testimony is required unless the legal malpractice alleged is so obvious that lay jurors could rely on their own knowledge to decide the issue. This is the majority rule that has recently been adopted in the neighboring jurisdictions of Maine, <u>Jim Mitchell & Jed Davis, P.A. v. Jackson</u>, 627 A.2d 1014 (Me. 1993), <u>cert. denied</u>, ___ U.S. ___, 114 S. Ct. 903 (1994), and Massachusetts, <u>Pongonis v. Saab</u>, 396 Mass. 1005, 486 N.E.2d 28 (1985).

Inasmuch as the case has been continued, the court will afford the pro se plaintiff an opportunity to supply the

---

[1]Document 56 is the plaintiff's objection to the motion, and document 57 is his "Submission of Additional Authority" in support of said objection. Defendant has also filed a motion to strike, document 55. As the court elects to treat the motion challenged as a motion for summary judgment, the motion to strike is herewith denied.

2

requisite expert evidence.  An opinion of the expert thus retained by plaintiff is to be filed by 4:30 p.m. on August 14, 1995,[2] and the court will treat the motion as a motion for summary judgment and will thereafter rule on the issues before it.

SO ORDERED.

_____
Shane Devine, Senior Judge
United States District Court

July 10, 1995

cc:  James MacFarlane, pro se
     Eugene M. Van Loan III, Esq.

---

[2]Plaintiff is also afforded until August 14, 1995, to file such additional affidavits contravening the motion for summary judgment as he desires.