Doerfer, J.
INTRODUCTION
Plaintiff Ernest Partin filed this action for malpractice against attorney Andrew Fischer, alleging that Fischer was negligent in his representation of Partin with respect to a 1985 hit and run car accident in which Partin was injured. This matter is before the court on the parties’ cross-motions for summary judgment pursuant to Mass.R.Civ.P. 56(c). For the reasons discussed below, the defendant’s motion for summary judgment is ALLOWED in part and DENIED in part. Further, the plaintiffs cross-motion for summary judgment is DENIED.
BACKGROUND
The undisputed material facts as contained in the summary judgment record are as follows. Plaintiff Ernest Partin (Partin) worked as an investigator for the defendant, attorney Andrew Fischer (Fischer), on various occasions between 1981 and 1985. After Partin became a constable for the City of Boston in 1984, Fischer also employed him from time to time to serve process. Partin also worked as a taxi driver, leasing cabs for his shifts from a company known as GTM Management (GTM). Partin would sometimes make his cab schedule a week in advance, although he also could call on any given day and get a cab to drive that evening. At approximately 2:00 a.m. on October 25, 1985, Partin was driving a cab leased from GTM on Washington Street in Boston when a green Ford Mustang struck him, causing his cab to collide with an MBTA pole. The Mustang, which was never identified, fled the scene of the accident. Partin was taken by ambulance to New England Medical Center where he was treated for injuries including lacerations on his face, hands and legs, significant bruising of his left shoulder, knees and hip, and multiple back spasms which continued after the accident.
The following day, Partin informed Fischer of these events, and asked him for legal representation concerning the accident. Fischer and Partin entered into a contingent fee agreement whereby Fischer was to represent Partin in pursuing “all damages or other recoveries to which the client is entitled at law resulting from a motor vehicle accident which occurred in the early morning of October 25, 1985, on Washington Street near Dover Station in Boston, Massachusetts.” Partin gave Fischer a number for the cab he was driving at the time of the accident,[1] but the number proved either incomplete or incorrect. Partin was unable to recall the cab’s registration number, nor did he know the identity of either the owner or insurer of the cab. However, he identified GTM as the lessor of the cab and informed Fischer that GTM was run by Joseph Lynch and his assistant Hans Klansen.
Fischer explained to Partin that he could not file an uninsured motorist claim unless the registration of the vehicle and its insurer could be identified, and directed Partin to obtain a copy of the police report of the accident. Partin went to Boston Police headquarters, but was told thatit would cost five dollars to obtain an accident report. Partin never returned with the money, and never told Fischer that he had not obtained the report because he needed the five dollar fee. Fischer never asked Partin whether he had obtained the report. Partin and a fellow investigator, Richard Richardson, told Fischer that they would go back to the cab yard to obtain the correct license plate number. However, they never provided Fischer with this information, nor did Fischer obtain this information on his own.
Meanwhile, Fischer checked the records of the Secretary of State, and learned that GTM was not incorporated. He spoke by telephone to one of the principals of GTM Management, who refused to answer questions concerning the cab’s registration or insurance but who stated that in his opinion, there had been no second vehicle involved in the accident and Partin had driven the cab into the pole himself. Fischer did not inquire of anyone at GTM whether Partin had filed an incident report on the accident. Fischer never obtained a copy of the police report on Partin’s accident, nor did he learn the identity of either the owner or insurer of the cab Partin was driving that night.
On May 28, 1986, Fischer filed a civil action on Partin’s behalf in Boston Municipal Court against Lynch and Klansen dba GTM Management, alleging that they wrongfully failed to provide worker’s compensation insurance covering Partin’s injuries. Fischer had great difficulty in serving Lynch and Klansen, but eventually made sufficient service. In June of 1988, Klansen and Lynch defaulted and Partin was awarded a default judgment of approximately $14,500. Partin and Richardson attempted to determine the extent of GTM’s assets, but were unable to locate any such assets, and Fischer never filed any motion in court to attach the assets of GTM. Fischer then commenced a supplementary process action against Lynch and Klansen. Partin and Richardson attempted to locate Lynch and Klansen so that they could be served in hand.
*524 Klansen, however, could not be found by a constable and was never served. Lynch, who was eventually served, stated that Klansen had sold his interest in GTM and moved to New York, but did not provide a forwarding address. Lynch himself disappeared shortly after being served. Thus, the $14,500 judgment was never executed.
Thereafter, in 1993, Partin retained his present law firm, Rainer & Rainer, to represent him in an unrelated worker’s compensation matter. Partin mentioned to his attorney that he had never collected any money from the 1985 accident. An investigator for Rainer & Rainer, Samuel Teperman, then located the police incident report on Partin’s October 25, 1995 accident. The report identifies the complainant not as Ernest Partin but as “Ernest Lee.”[2] Lee is Partin’s middle name. The report contained the registration number of the cab Partin was driving as well as the license plate number. Using this information, Teperman obtained the Registry of Motor Vehicles record for the cab, which lists the owner as Dover Cab Incorporated and identifies the cab’s insurer as Balboa Insurance Company.
Thus, on October 16, 1995, Partin filed the present malpractice suit against Fischer, alleging that Fischer was negligent in failing to file an uninsured motorist claim on his behalf. Partin contends that Fischer failed to take reasonable steps to investigate the accident and identify the owner and/or insurer of the taxi cab he was driving, such as obtaining the police incident report of the accident and following up on contacts from adjusters who communicated with him concerning the possible owner or insurer of the cab. Given that the cab was insured by Balboa Insurance Company, Partin contends that Fischer’s negligence caused him to lose the $10,000 in compulsory insurance required at the time of the accident in 1985. Finally, Partin contends that Fischer was negligent in failing to collect the Boston Municipal Court judgment against Lynch and Klansen.
Fischer now moves this court for summary judgment on the ground that Partin has no reasonable expectation of proving malpractice at trial, since Fischer had no duty to investigate the accident independently of Partin’s efforts, and on the further ground that Partin has failed to present expert testimony with respect to the collection of the judgment.
DISCUSSION
Summary judgment shall be granted where there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a matter of law. Community Nat'l. Bank v. Dawes, 369 Mass. 550, 553 (1976); Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, and that the summary judgment record entitles the moving party to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). The moving party may satisfy this burden either by submitting affirmative evidence that negates an essential element of the opposing party’s case or by demonstrating that the opposing party has no reasonable expectation of proving an essential element of his case at trial. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991); Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991).
In order to prevail in a legal malpractice action, the plaintiff must present evidence sufficient to warrant findings that the defendant failed to exercise reasonable care and skill in handling the case and that this failure proximatefy caused the plaintiff to incur a loss. DiPiero v. Goodman, 14 Mass.App.Ct. 929, 929 (1982), rev. den., 387 Mass. 1102, cert. den., 460 U.S. 1029 (1983); Colucci v. Rosen, Goldberg, Slavet, Levenson & Wekstein, P.C., 25 Mass.App.Ct. 107, 111 (1987). Where an attorney has not held himself out to be a specialist, he owes the client a duty to exercise the degree of care, skill and attention of the average qualified practitioner. Fishman v. Brooks, 396 Mass. 643, 646 (1986); Colucci v. Rosen, Goldberg, Slavet, Levenson & Wekstein, P.C., supra at 111. The plaintiff bears the burden of proving that a better result would have been obtained had the attorney exercised adequate skill and care. This typically requires the plaintiff to show that he probably would have prevailed in the underlying litigation and could have collected the judgment. Jemigan v. Giard, 398 Mass. 721, 723 (1986); Brown v. Gerstein, 17 Mass.App.Ct. 558, 565, rev. den., 391 Mass. 1105 (1984); Colucci v. Rosen, Goldberg, Slavet, Levenson & Wekstein, P.C., supra at 113. Expert testimony is generally required to establish the standard of care owed by an attorney under given circumstances and the defendant’s departure from that standard. Fish-man v. Brooks, supra at 647; Pongonis v. Saab, 396 Mass. 1005, 1005 (1985); Colucci v. Rosen, Goldberg, Slavet, Levenson & Wekstein, P.C., supra at 111.
Fischer contends that he is entitled to judgment as a matter of law with respect to the failure to file an uninsured motorist claim because he had no obligation to make any effort to obtain the police report, given that Partin was an investigator and said that he would obtain it himself. Thus, Fischer contends that it is Partin who was in fact negligent in failing to get the report. Further, Fischer asserts that even if he had a duty to obtain the report, his failure to do so was not negligent since the report was not filed under Partin’s correct name.
It is possible that a client’s failure to furnish necessary information or failure to follow his attorney’s instructions may constitute comparative negligence that defeats a claim of malpractice. However, the question of whether of an attorney has exercised sufficient legal care under the circumstances is one of fact for the jury to decide. Glidden v. Terranova, 12 Mass.App.Ct. 597, 598 (1981). In the present case, there is clearly a genuine issue of material fact with respect to the exact understanding between Fischer and Partin as to what degree of responsibility Partin assumed for obtaining information about the owner *525 and insurer of the taxicab, and whether any reliance on Partin to obtain this critical information was reasonable after a certain period of time had passed. Further, there is evidence in the summary judgment materials that Fischer in fact did attempt to obtain the police report,[3] presenting a genuine issue of material fact as to whether he exercised reasonable care in this undertaking, given both the mistaken name on the report and investigator Teperman’s apparent ease in locating it prior to this suit. In addition, there is evidence in the summary judgment record which suggests that Fischer received some information concerning a possible insurer of the cab, but failed to further pursue these leads.[4]
Partin has presented an affidavit by Steven A. Suss-man, an attorney with extensive experience in handling personal injury cases including uninsured motorist claims. After reviewing the summary judgment materials in this case, Sussman concluded that Fischer deviated from the standard of care of an average qualified practitioner in 1985 by failing to properly investigate Partin’s accident and file an uninsured motorist claim in connection therewith. Sussman further opines that this failure has caused Partin to lose his right to recover the $10,000 of compulsory insurance required in 1985, because the ten year delay in notifying the insurer of a claim will defeat any recovery against the insurer. This expert testimony and the existence of material issues of fact precludes summary judgment for either party with respect to legal malpractice arising from a failure to file an uninsured motorist claim.
Finally, Fischer contends that he is entitled to judgment as a matter of law with respect to his failure to collect the $14,500 judgment against Lynch and Klansen, because Partin has no reasonable expectation of proving at trial that he was negligent in this respect and further, because the judgment is still valid and could possibly be collected by Partin’s present attorneys. It is well established that an allegation of legal malpractice is not self-proving. Colucci v. Rosen, Goldberg, Slavet, Levenson & Wekstein, P.C., supra at 111. Expert testimony is necessary to establish that an attorney failed to meet the standard of care owed in the particular circumstances, unless the alleged malpractice is so gross or obvious that laymen can rely on their common knowledge to recognize or infer negligence. Fishman v. Brooks, supra at 647; Pongonis v. Saab, supra at 1005; Colucci v. Rosen, Goldberg, Slavet, Levenson & Wekstein, P.C., supra at 111. Fischer’s conduct with respect to collecting the judgment against Lynch and Klansen is not such a case. Thus, because Partin has failed to present any expert testimony that Fischer’s efforts with respect to collecting the judgment deviated from the degree of care, skill and attention owed by the average qualified practitioner, Fischer is entitled to summary judgment on this aspect of Partin’s malpractice claim.
ORDER
For the foregoing reasons, it is hereby ORDERED that the defendant’s motion for summary judgment be DENIED with respect to malpractice arising from the failure to file a uninsured motorist claim, but ALLOWED with respect to a malpractice claim for failure to collect the Boston Municipal Court judgment against Lynch and Klansen.
It is further ORDERED that the plaintiffs cross-motion for summary judgment be DENIED.

Partin was not sure whether this number was the license plate number, the medallion number, or some other number.

According to an affidavit by Teperman, when a report is unobtainable by name search, it is standard practice for an investigator to seek out all reports for the day, time and location of the accident and logs of any calls that were dispatched to that location.

Fischer’s case file on Partin contains a letter from Fischer to the Boston Police Department requesting a copy of the police report for an accident on 10/25/85 involving Ernest Partin, and a response from the Department stating that Fischer had provided insufficient information on the name of the victim/complainant to locate a report. The file also contains a letter from Fischer to the Registry of Motor Vehicles requesting a copy of the motor vehicle accident report for Ernest Partin, and a response from the Registry indicating that there was no report on file under that name.

For example, Fischer states in his deposition that on one occasion, he received a phone call from someone who identified himself as representing the insurer of GTM’s cabs, but who refused to identify the insurance company. In his deposition testimony, Fischer admits that an affidavit his firm drafted in connection with the assessment of damages hearing in Boston Municipal Court makes reference to a Mr. Terkelson from Adjustment Services, Inc., a successor to Balboa Insurance Company, but states that he cannot remember if this affidavit was ever filed with the court in connection with the damages hearing.