NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-1435

ALI HAMADI

vs.

JOSEPH MORRISSEY.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

In this legal malpractice action, the plaintiff, Ali Hamadi, appeals from the allowance of a motion for summary judgment in favor of the defendant, Joseph Morrissey.  We affirm.

Background.  Attorney Morrissey represented Hamadi in a 2016 legal malpractice action in which Hamadi sought damages against his former attorney, John Flemming, who represented Hamadi in an action over a lease and a purchase and sale agreement for a gasoline station in Medford.  That action was the subject of a prior appeal before a panel of this court (Hamadi I).[1]  In that case, a panel of this court affirmed the

---

[1] See Hamadi v. Flemming, 95 Mass. App. Ct. 1111 (2019).

entry of summary judgment in favor of Flemming.[2]  In his current complaint, Hamadi alleges that Morrissey committed a breach of contract and was negligent in his handling of the 2016 action for, among other things, failing to seek certain discovery, failing to retain an expert to testify as to Flemming's breach of the duty of care, and failing to present arguments that certain of Hamadi's claims against the lessor of the gasoline station were not barred by issue or claim preclusion.

After two Superior Court judges denied Morrissey's motion to dismiss the complaint and motion for judgment on the pleadings, the parties engaged in discovery,[3] and Morrissey then moved for summary judgment under Mass. R. Civ. P. 56, 365 Mass. 824 (1974).[4]  In granting summary judgment in favor of Morrissey,

---

[2] In the present action, the judge who granted summary judgment in favor of Morrissey noted in his memorandum of decision that "the present lawsuit represents [Hamadi's] sixth attempt to litigate these claims and issues and/or recover damages relating to the 2004 execution of the purchase and sale agreement and the operation of the service station pursuant to a 2004 lease."

[3] Morrissey served Hamadi with a request for admissions under Mass. R. Civ. P. 36, 365 Mass. 795 (1974), which were properly "deemed admitted" after Hamadi failed to timely respond.

[4] Hamadi filed his opposition the day before the rule 56 hearing, over two months after Morrissey filed his motion for summary judgment.  Accordingly, Hamadi's opposition and supplemental affidavit in support were properly struck for failure to comply with rule 56 and Rule 9A of the Rules of the Superior Court (2023).

a third motion judge found that summary judgment was warranted as no issue of material fact remained to be litigated, due to the prior procedural history and rulings, and also because Hamadi had not produced or identified any evidence from an expert witness regarding his claim that Morrissey committed a breach of his duty of care.[5,6]

Discussion. We examine de novo whether a judge erred in allowing summary judgment, based on our review of the same summary judgment record that was before the third motion judge and viewing the evidence in the light most favorable to the nonmoving party. See Meyer v. Veolia Energy N. Am., 482 Mass. 208, 211 (2019).[7]

---

[5] In his notice of appeal, Hamadi states he also appeals from "all rulings that were adverse to Plaintiff in the Court's Order and Memorandum of Decision on Defendant's Motion for Judgment on the Pleadings." This issue was not briefed by Hamadi, and thus we need not and do not address it. See Mass. R. A. P. 16 (a) (9) (A), as appearing in 481 Mass. 1628 (2019).

[6] There is no merit to Hamadi's contention that summary judgment was granted based solely on procedural errors.

[7] Although Hamadi is pro se on appeal, he is required to abide by the Massachusetts Rules of Appellate Procedure and is held to the same standards as litigants who are represented by counsel. See Roby v. Superintendent, Mass. Correctional Inst., Concord, 94 Mass. App. Ct. 410, 412 (2018). Hamadi's record appendix does not contain the full summary judgment record, which includes Morrissey's uncontested request for admissions, as well as the joint appendix and statement of facts required by rule 9A. Although such an omission is typically fatal to an appeal, see id., Morrissey's supplemental record appendix provides the documents necessary to enable review.

> "To prevail on a claim of negligence by an attorney, a
> client must demonstrate that the attorney failed to
> exercise reasonable care and skill in handling the matter
> for which the attorney was retained; that the client has
> incurred a loss; and that the attorney's negligence is the
> proximate cause of the loss" (citations omitted).

Colucci v. Rosen, Goldberg, Slavet, Levenson & Wekstein, P.C.,

25 Mass. App. Ct. 107, 111 (1987).

Based on a thorough review of the record and the absence of

evidence from an expert witness, the third motion judge

explicitly found that "there are no issues of material fact to

be litigated." Critically important to Hamadi's claims against

Morrissey, "an allegation of malpractice is not self-proving."

Colucci, 25 Mass. App. Ct. at 111. As a panel of this court

also highlighted in Hamadi I, "[e]xpert testimony is generally

necessary to establish that the attorney failed to meet the

standard of care owed by an attorney in a particular case."

Pongonis v. Saab, 396 Mass. 1005, 1005 (1985). "Although expert

testimony is not essential where the claimed legal malpractice

is so gross or obvious that laymen can rely on their common

knowledge to recognize or infer negligence, this is not such a

case" (citations omitted). Id. Hamadi has not addressed how

Morrissey's alleged malpractice, especially in a case with such

a complex procedural history, was so gross or obvious that

expert testimony was not essential, and it was undisputed that

4

Hamadi had not identified an expert witness.  We discern no error in the grant of summary judgment.[8]

Judgment affirmed.

By the Court (Desmond, Shin & Walsh, JJ.[9]),

*Paul Little*

Clerk

Entered:  December 23, 2025.

---

[8] We also find no merit in Hamadi's argument, raised for the first time on appeal, that he is entitled to relief from the judgment under Mass. R. Civ. P. 60 (b), 365 Mass. 828 (1974), for excusable neglect.  Motions under rule 60 (b) must be made to the trial court judge and not at the appellate level.  See generally Columbia Plaza Assocs. v. Northeastern Univ., 493 Mass. 570, 585 n.7 (2024) (waived argument on appeal where party failed to raise below); Eno v. McGinn, 103 Mass. App. Ct. 662, 670 n.17 (2024) (argument raised for first time on appeal waived).

[9] The panelists are listed in order of seniority.

5